UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brian Nuckols,

    Plaintiff,

v.

                                        Case No. 07-13890

                                        HONORABLE DENISE PAGE HOOD

United States Postal Service,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**I.**     **INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss [Dkt. #2, filed November 16, 2007]. Plaintiff did not file a response. This matter is also before the Court on Plaintiff's Motion to Disqualify Judge Denise Page Hood [Dkt. #6, filed November 21, 2007]. Defendant did not file a response. A hearing on the motions was held on January 16, 2008. Plaintiff did not appear.[1]

---

[1] The Court in is receipt of an email from Plaintiff, dated December 11, 2007, which indicates that he did not have the financial resources to appear at the hearing scheduled for this case or case number 07-13200. In the email, Plaintiff does not request a court-appointed attorney, an adjournment or any other relief. The email was addressed to Assistant United States Attorney Susan DeClercq ("AUSA DeClercq") and cmecfadmin@mied.uscourts.gov, an unmonitored court inbox. The Court received a copy of the email from AUSA DeClercq on January 15, 2008.

## II. OVERVIEW

On September 17, 2007, Plaintiff initiated the instant suit. In the Complaint, Plaintiff alleges that the United States Postal Services' ("USPS") repeated mishandling of his mail constitutes negligence and that a comment made to him by a Livonia, Michigan Post Office employee that he should not "return to this Livonia post office" constitutes race discrimination. (Compl., at 1.)

Subsequently, on November 21, 2007, Plaintiff moved for the disqualification of Judge Denise Page Hood. (Mot. to Disqualify, at 3.) Plaintiff has two other suits pending before Judge Hood. *See Nuckols v. Federal Reserve Bank of Chicago*, No. 07-11744 (E.D. Mich. filed Apr. 19, 2007) ("Bank Action"); *Nuckols v. Honorable Robert Cleland*, No. 07-13200 (E.D. Mich. filed Aug. 1, 2007). On July 11, 2007, the Court heard arguments on the defendant's motion to dismiss in the Bank Action. Because the Court had not yet ruled on the defendant's motion to dismiss in the Bank Action at the time Plaintiff filed this action, Plaintiff alleges in the motion for disqualification that Judge Hood "has a personal bias and racial prejudice against" him. (Mot. to Disqualify, at 1.)

## III. STANDARD OF REVIEW & APPLICABLE LAW

### A. Disqualification of a Judge

Plaintiff brought his motion to disqualify Judge Hood under 28 U.S.C. §§ 144 and 455. These statutes call for the disqualification of a judge where the judge has "a personal bias or prejudice" against a party in the suit. 28 U.S.C. § 144; 28 U.S.C. § 455(b)(1). The test for personal bias or prejudice under 28 U.S.C. § 144 is identical to that of 28 U.S.C. § 455(b)(1). *Youn v. Track, Inc.*, 324 F.3d 409, 423 (6th Cir. 2003). It is well established that the actions of a judge in pending or previous litigations are not grounds for disqualification. *Id.*; *see also Southerland v. Irons*, 628

2

F.2d 978, 980 (6th Cir. 1980).

    B.    <u>Rule 12(b)(1) Dismissal</u>

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) where the court lacks subject matter jurisdiction over a plaintiff's claim. Fed. R. Civ. P. 12(b)(1). In reviewing a Rule 12(b)(1) motion, the court must accept all material allegations as true and construe them in a light most favorable to the non-moving party. *Id.* Courts should review 12(b)(1) challenges before others. *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988). A district court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) where the allegations of the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

    C.    <u>Rule 12(b)(6) Dismissal</u>

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal is appropriate where a plaintiff cannot establish any set of facts that would entitle him to the relief sought. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). In ruling on a Rule 12(b)(6) motion, a court must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein. *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). When reviewing *pro se* complaints, the court must employ standards less stringent than if the complaint had been drafted by counsel. *Haines v. Kerner*, 404 U.S. 519 (1972).

**IV.**    **ANALYSIS**

A. Motion to Disqualify

As previously noted, the actions of a judge in pending or previous litigations are not grounds for disqualification. *Youn*, 324 F.3d at 423. Here, Plaintiff asserts that Judge Hood should be disqualified because she has not yet ruled on a motion in another pending case to which Plaintiff is a party. Plaintiff's request for the disqualification of Judge Hood is therefore baseless, because it involves the actions of Judge Hood in a pending suit. *Id.* Accordingly, Plaintiff's Motion to Disqualify Judge Hood must be denied.

B. Motion to Dismiss

Defendant argues for the dismissal of Plaintiff's negligence claim for three reasons: 1) the USPS is not a proper party to this action; 2) the suit is barred by sovereign immunity because Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C. § 2675(a); and 3) the suit is barred by sovereign immunity because 28 U.S.C. § 2680(b) bars claims against the USPS for the loss, miscarriage, or negligent transmission of postal letters. (Def.'s Mot., at 1.) Defendant argues for the dismissal of Plaintiff's racial discrimination claim because Plaintiff's subjective belief that a single comment made by a postal clerk constitutes racial discrimination does not state a claim upon which relief can be granted. (Def.'s Mem., at 5.) For the reasons noted below, Defendant's Motion to Dismiss is granted.

The Court concludes that it lacks subject matter jurisdiction of Plaintiff's negligence claim. First, Plaintiff failed to name the United States as the defendant in this case. Failure to do so "results in a fatal lack of jurisdiction." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). Second, Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act, 28 U.S.C.

4

§ 2675(a), a "jurisdictional requirement[.]" *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). Third, "the United States has expressly retained its sovereign immunity over claims for negligent handling of the mail." *Livingston v. Martin*, 200 U.S. App. LEXIS 1370, at *3 (6th Cir. 2002) (citing 28 U.S.C. § 2680(b) and *Anderson v. United States Postal Serv.*, 761 F.2d 527, 528 (9th Cir. 1985)).

The Court also concludes that Plaintiff's racial discrimination claim fails to state a claim upon which relief can be granted. The Court construes Plaintiff's racial discrimination claim against the Livonia Post Office employee as a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403, U.S. 388, 390-97 (1971). A plaintiff may bring a *Bivens* claim against federal officials who have allegedly denied the plaintiff his constitutional rights. *Shaner v. United States*, 976 F.2d 990, 994 (6th Cir. 1992). The decisional law developed under 42 U.S.C. § 1983 jurisprudence fully applies to *Bivens* claims. *See, e.g., Wilson v. Lane*, 526 U.S. 603, 609 (1999). However, *Bivens* claims may not be filed against either the United States, *Shaner*, 976 F.2d at 994, or federal agencies, *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Here, Plaintiff has failed to name the Livonia Post Office employee in his Complaint; instead, he named the United State Post Office as the defendant. Construing these facts in a light most favorable to Plaintiff, Plaintiff's racial discrimination *Bivens* claim fails to state a claim upon which relief can be granted and must be dismissed.

**V.   CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss [Dkt. #2, filed November 16, 2007] is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Disqualify Judge Denise Page Hood [Dkt. #6, filed November 21, 2007] is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

                                               S/Denise Page Hood
                                               Denise Page Hood
                                               United States District Judge

Dated: January 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record and Brian Nuckols, P. O. Box 3444, Farmington Hills, MI 48334 on January 30, 2008, by electronic and/or ordinary mail.

                                               S/William F. Lewis
                                               Case Manager